UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Earl Martin a/k/a "Robert Barnes,"<br><br>*Defendant.* | **Protective Order**<br><br>20 Cr. 136 (NRB) |

Upon the application of the United States of America, and the defendant Earl Martin a/k/a "Robert Barnes," having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include, as detailed below, material that affects the privacy of individuals, such as personal identification information. Unless otherwise specified, any material produced to Defense Counsel and the defendants shall be deemed Disclosure Material.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material and protect the privacy of the individuals whose information is disclosed. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. **Disclosure Material** shall not be disclosed by defense counsel, including any successor counsel ("Defense Counsel"), or the defendant, other than as set forth herein, and shall be used solely for purposes of defending this action:

    a. Defense Counsel and the defendant shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

    b. Disclosure Material may be disclosed by Defense Counsel or the defendant to the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

    (ii) independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

    (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

    c. The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose Disclosure Material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

  d. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. Except for any of the above-mentioned Disclosure Materials that have been made part of the record of this case, Defense Counsel and the defendant shall return to the Government or securely destroy or delete all Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. This Order does not prevent the disclosure of any of the above-mentioned Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, any Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

SO ORDERED:

Dated: New York, New York
       February 27, 2020

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

4